NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONYO REECE, § | |
|     ID # 37470-177, § | |
|         Movant, § | |
| § | No. 3:22-CV-2304-B-BK |
| v. § | No. 3:08-CR-167-B(6) |
| § | |
| UNITED STATES OF AMERICA, § | |
|         Respondent. § | |

### MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on October 13, 2022 (doc. 2), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Antonyo Reece (Movant) challenges his federal conviction and sentence in Cause No. 3:08-CR-167-B(6). The respondent is the United States of America (Government).

**A. Conviction and Sentencing**

After pleading not guilty and proceeding to a jury trial on a 43-count superseding indictment with six others, Movant was found guilty on 12 counts with which he was charged, comprised of three counts of conspiracy to commit bank robbery, six counts of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence under 18 U.S.C. § 924(c), two counts of attempted bank robbery, and one count of bank robbery. (*See* docs. 238, 319.)[1] He was sentenced to a total term of 1,680 months' imprisonment, to be followed by five years of supervised release. (*See* doc. 319 at 2, 4.) On direct appeal, the Fifth Circuit affirmed eight of

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:08-CR-167-B(6).

Movant's convictions, vacated four of them, and remanded the case for resentencing. (*See* docs. 456, 460.) He was resentenced to a total term of 1,080 months' imprisonment on the eight remaining counts and five years of supervised release. (*See* doc. 519.) The judgment was affirmed on Movant's second direct appeal. (*See* docs. 583, 585.)

Following a successful motion for a writ of habeas corpus under 28 U.S.C. § 2255 based on a new rule of constitutional law made retroactive to first § 2255 cases, three of Movant's remaining convictions were vacated and the case was again remanded for resentencing. *See United States v. Reece*, 938 F.3d 630 (5th Cir. 2019). By resentencing judgment dated March 16, 2020, Movant was sentenced to a total term of 395 months' imprisonment on the surviving five counts of conviction, comprised of three counts of conspiracy to commit bank robbery (Counts One, Sixteen, and Twenty), one count of bank robbery (Count Twenty-Two), and one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence under § 924(c) (Count Twenty-Three), the latter of which was predicated on the bank robbery offense of Count Twenty-Two; the term of imprisonment was to be followed by three years of supervised release. (*See* doc. 97 at 29; doc. 650 at 1-3.)[2] The Fifth Circuit affirmed this judgment on Movant's third direct appeal. (*See* docs. 670-71.) On October 12, 2021, the Supreme Court denied Movant's petition for a writ of certiorari. (*See* doc. 695.)

B. **Substantive Claims**

Movant's § 2255 motion asserts the following grounds for relief: (1) his appellate counsel was ineffective for failing to argue a violation of the *Ex Post Facto* Clause; (2) the court violated his Fifth

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Amendment rights "by double counting his firearm enhancements on Counts 1, 16, 20, 22, and 23"; and (3) the court "failed to apply the First Step Act retroactivity to Count 23." (No. 3:22-CV-2304-B-BK, doc. 2 at 7.) The Government filed a response on February 15, 2023. (*See id.*, doc. 14.) Movant filed a reply on May 23, 2023. (*See id.*, doc. 17.)

## II. SCOPE OF RELIEF UNDER § 2255

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant has been fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)). Post-conviction "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted); *see also United States v. Willis,* 273 F.3d 592, 595 (5th Cir. 2001) ("A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.").

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant's first ground alleges the ineffective assistance of appellate counsel. (*See* No. 3:22-CV-1204-B-BK, doc. 2 at 7.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and

3

that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (stating that prejudice inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would reasonably likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

On appeal, counsel need not raise every non-frivolous issue to render constitutionally effective assistance. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness,'" and the court must consider whether the challenge "would have been sufficiently meritorious such that [] counsel should have raised it on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir.

4

2000) (quoting *Strickland*, 466 U.S. at 688); *see also Williamson*, 183 F.3d at 463 ("Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention."). To demonstrate prejudice, a movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Movant contends that appellate counsel on his third direct appeal was ineffective "for not properly filing and arguing ex post facto, petitioner's 5th and 6th Amendment rights were violated based on petitioner's non-mandatory and mandatory minimum sentence being increased on counts 1, 16, 20, 22, and 23. (No. 3:22-CV-2304-B-BT, doc. 3 at 5-7; *see also id.*, doc. 2 at 7.) According to Movant, he "was resentenced to a five-level enhancement for counts 1, 16 and 20 . . ., which is a violation of ex post facto." (*Id.*, doc. 3 at 6.) His argument relies on the following premise: "In the previous sentencing, petitioner did not receive a five-level enhancement. Not until the last resentencing under the 2018 Guidelines was the enhancement applied." (*Id.*) He argues that the "error by appellate counsel hurt so much to where it cost petitioner a good chance on direct appeal to get 5th and 6th Amendment violations heard and ruled on." (*Id.*, doc. 3 at 7.)

"The Constitution forbids the passage of *ex post facto* laws, a category that includes every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Peugh v. United States*, 569 U.S. 530, 532-33 (2013) (citation and internal quotation marks omitted). The Constitution's *Ex Post Facto* Clause is violated in the context of calculating a defendant's sentence under the sentencing guidelines "when application of the Guidelines in effect at sentencing results in a harsher penalty than would application of the

5

Guidelines in effect when the offense was committed." *United States v. Myers*, 772 F.3d 213, 219 (5th Cir. 2014) (citations and internal quotation marks omitted); *see also Peugh*, 569 U.S. at 550.

Here, the record shows that the 2008 Guidelines Manual in effect at the time of Movant's offense – and not the 2018 Guidelines Manual as alleged by Movant – was applied to calculate Movant's guideline imprisonment range at his third sentencing.[3] (*See* doc. 637 at 1; doc. 624 at ¶ 32.) Since the 2008 Guidelines Manual was both in effect at the time of Movant's offenses and applied at his third sentencing, Movant fails to show an *ex post facto* violation stemming from the calculation of his guideline imprisonment range pursuant to same. *See Myers*, 772 F.3d at 219.

And to the extent Movant's *ex post facto* argument relies on the five-level increases to his base offense levels under U.S.S.G. § 2B3.1(b)(2)(C) for possession of a firearm, his claim still fails. Under § 2B3.1(b)(2)(C) of the 2008 sentencing guidelines, a defendant's base offense level for robbery offenses is increased by five levels "if a firearm was brandished or possessed." U.S.S.G. § 2B3.1(b)(2)(C) (2008). The guidelines precluded application of this increase where the conduct – brandishing or possessing a firearm – was separately charged under § 924(c).[4] *See* U.S.S.G. § 2K2.4 cmt. n.4 (2008); *Spezzia v. United States*, No. 4:19-cv-04600, 2023 WL 4681378, at *5 (S.D. Tex. May 16, 2023) ("[T]he Guidelines also excluded consideration of [the defendant's] possession of a firearm during the hostage taking event, which otherwise could have applied . . . because that

---

[3] The 2008 sentencing guidelines were also used to determine the applicable guideline imprisonment range at Movant's two prior sentencings. (*See* doc. 342-2 at ¶ 32; doc. 624 at ¶ 32.)

[4] Even if the 2018 sentencing guidelines in effect at the time of the third sentencing had been applied to determine Movant's guideline imprisonment range, as Movant alleges, the 2008 guideline provisions discussed remained the same in 2018. *See* U.S.S.G. § 2B3.1(b)(2)(C) (2018); U.S.S.G. § 2K2.4 cmt. n.4 (2018). The court's analysis is therefore unchanged regardless of whether the 2008 or 2018 sentencing guidelines were used.

conduct was separately charged under § 924(c)[.]"). Here, Movant's § 924(c) convictions predicated on the conspiracy counts charged in Count One and Count Sixteen were vacated; accordingly, the restriction of § 2K2.4 no longer applied to Counts One and Sixteen for purposes of sentencing, and the five-level increases for possession of a firearm were properly considered and applied to determine Movant's base offense level at his third sentencing. *See, e.g.*, *United States v. Sauls*, 817 F. App'x 14, 14 (5th Cir. 2020) (discussing, in part, *United States v. Rodriguez*, 114 F.3d 46, 47-48 (5th Cir. 1997)); *United States v. Benbrook*, 119 F.3d 338, 339-41 (5th Cir. 1997). As for Movant's allegation that he received a five-level increase on Count Twenty, (*see* No. 3:22-CV-2304-B-BK, doc. 3 at 6), his claim is refuted by the record and without merit; the conspiracy charged in Count Twenty was grouped with the bank robbery offense charged in Count Twenty-Two for sentencing purposes, and a five-level firearm increase was expressly excluded because of the § 924(c) charge in Count Twenty-Three. (*See* doc. 637 at ¶ 49.)

Movant fails to show any *ex post facto* violation at his third sentencing, and therefore fails to identify a meritorious issue, much less one "based on directly controlling precedent," which appellate counsel could or should have raised on his third direct appeal. *Williamson,* 183 F.3d at 463. Appellate counsel is not deficient for failing to raise a meritless claim on appeal, and Movant has therefore failed to satisfy the first prong of *Strickland*. *See Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal). He also has not presented any facts or evidence to show resulting prejudice under *Strickland*, i.e., a reasonable probability that he would have prevailed on his third direct appeal had counsel raised the meritless arguments alleged. *See Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D.

7

Tex. May 3, 2018) ("Prejudice does not result from appellate counsel's failure to assert meritless claims or arguments."). Movant has not satisfied his burden under both prongs of *Strickland*, and his claim is denied.[5]

## IV. COURT ERROR

In his second and third grounds, Movant contends that the court committed constitutional error "by double counting his firearm enhancements on Counts 1, 16, 20, 22, and 23," and failing "to apply the First Step Act retroactivity to Count 23," respectively. (No. 3:22-CV-2304-B-BK, doc. 2 at 7.) The Government contends that both grounds are procedurally barred and without merit, and that his second ground is also non-cognizable. (*See id.*, doc. 14 at 17, 19-21.)

### A. Double Counting

Movant contends that the court violated his constitutional rights "due to the unconstitutional double counting of counts 1, 16, 20, 22 and 23." (No. 3:22-CV-230-B-BK, doc. 3 at 7.) According to Movant, his base offense level of 20 was raised to 22 because a firearm was used, and he "then received a five-level enhancement on top of the existing two-level enhancement on counts 1, 16 and 20." (*Id.*) He also claims that on Count Twenty-Three, he "received a 924(c) enhancement of 260 months for a firearm, the appropriate penalty for which was already calculated in the enhanced levels." (*Id.*) He posits that the court "could either impose a 200-month upward

---

[5] In his reply, Movant appears to argue that appellate counsel should have challenged the five-level increases to his base offense levels under *Alleyne v. United States*, 570 U.S. 99 (2013). (*See* No. 3:22-CV-2304-B-BK, doc. 17 at 2-4.) Under *Alleyne*, facts that increase a mandatory minimum sentence must be submitted to the jury and proven beyond a reasonable doubt. *See Alleyne*, 570 U.S. at 116. Here, there were no statutory mandatory minimum sentences for the offenses to which a five-level increase for possession of a firearm was applied, and no five-level firearm increase or enhancement was applied to his § 924(c) offense, which was the only surviving count that carried a statutory mandatory minimum sentence. (*See* doc. 637 at ¶¶ 37, 43, 65, 93.) *Alleyne* is inapplicable, and appellate counsel was not ineffective for failing to raise a meritless claim under *Alleyne* on Movant's third appeal, for the reasons discussed. Accordingly, the claim is denied.

8

variance or it could impose the five-level enhancement. It could not do both without violating [Movant's] 5th Amendment right to due process." (*Id.*, doc. 3 at 8.)

It is well established that the technical application of the sentencing guidelines is not subject to collateral review in a § 2255 motion. *See, e.g., Williamson,* 183 F.3d at 462; *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996). "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." *Williamson*, 183 F.3d at 462. Accordingly, to the extent Movant contends that the court misapplied the sentencing guidelines in connection with his third sentencing, his claim is not cognizable under § 2255 and entitles him to no relief.

Movant's claim is also refuted by the record and without merit. Contrary to Movant's allegations, his base offense level was not increased from 20 to 22 for use of a firearm on any of his surviving counts of conviction; rather, the base offense level was increased from 20 to 22 on Count One, Count Sixteen, and grouped Counts Twenty and Twenty-Two because the offenses involved the property of a financial institution. (*See* doc. 637 at ¶¶ 37, 43, 49.) And as the court has explained, five levels were added to the base offense level for the conspiracy offenses charged in Count One and Count Sixteen based on possession of a firearm; a five-level firearm increase was expressly excluded from grouped Counts Twenty and Twenty-Two because of the § 924(c) offense charged in Count Twenty-Three, for which Count Twenty-Two was the predicate offense. (*See id.*) Nor was a five-level enhancement imposed on Movant's § 924(c) conviction charged in Count Twenty-Three. (*See id.* at ¶ 65.) Because Movant's unsubstantiated allegations are refuted by the

record, they are without merit and do not entitle Movant to § 2255 relief on this additional basis. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition. . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). The claim is denied.[6]

**B. First Step Act**

Movant also contends that "[t]he First Step Act should have applied to [his] resentencing." (No. 3:22-CV-2304-B-BK, doc. 3 at 8; *see also id.*, doc. 2 at 7.) The court understands his claim to be based on the changes enacted by First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), to the "stacking" provision of § 924(c). (*See id.*, doc. 3 at 8.)

Prior to the enactment of the First Step Act, § 924(c) included a "stacking" provision which required courts to impose consecutive sentences of at least 25 years' imprisonment for "second or subsequent" § 924(c) convictions, even when they were incurred in the same criminal proceeding as a first § 924(c) conviction. *See United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020). Following the First Step Act's enactment, "only a defendant who has a prior final conviction under § 924(c) is subject to the escalating mandatory minimum sentences for a subsequent § 924(c) conviction." *United States v. Lang*, No. 04-11, 2023 WL 6065156, at *3 (E.D. La. Sept. 18, 2023); *see also Gomez*, 960 F.3d at 176-77.

Here, Movant's third sentencing included only a first and single conviction under § 924(c) – Count Twenty-Three. (*See* doc. 650 at 1-2.) As such, Movant was subject to a mandatory

---

[6] Because the court finds that the claim is non-cognizable and fails on the merits, it need not address the issue of procedural default.

10

minimum sentence of 60 months' imprisonment and up to a maximum sentence of life imprisonment on Count Twenty-Three, and no stacked § 924(c) convictions or sentences were imposed.[7] *See United States v. Reece*, 849 F. App'x 480, 482 (5th Cir. 2021) ("By statute, the court was required to assess a minimum consecutive sentence of 60 months for the firearm conviction [Count Twenty-Three] (with a statutory maximum sentence of life)."); *United States v. Sias*, 227 F.3d 244, 246-47 (5th Cir. 2000). Accordingly, the First Step Act's amendment to § 924(c)'s "stacking" provision is inapplicable to Movant, and he fails to identify any other provision of the First Step Act that is applicable to his case. His claim therefore is without merit, and it is denied.[8]

## V.  EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing before this court on his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit

---

[7] Movant's argument also appears to be contingent, in part, on his faulty presumption that, "[a]ccording to the First Step Act, if a defendant were convicted of four 924(c) convictions, he would receive 240 months, 60 months for each count." (No. 3:22-CV-2304-B-BK, doc. 3 at 9.) Such a defendant, even assuming his 924(c) convictions were under § 924(c)(1)(A)(i), would be subject to a mandatory minimum of 60 months' imprisonment and up to a maximum of life imprisonment on each § 924(c) count, to be served consecutively, for a potential sentence of up to four consecutive life sentences. *See* 18 U.S.C. § 924(c)(1)(A)(i).

[8] Movant's claim also appears to challenge the reasonableness of the 200-month upward variance to his consecutive sentence on Count Twenty-Three, arguing that it is "exceptionally harsh." (No. 3:22-CV-2304-B-BK, doc. 3 at 8-11.) On Movant's third direct appeal, the Fifth Circuit considered and rejected his challenge to the procedural and substantive reasonableness of his sentence on Count Twenty-Three. *See Reece*, 849 F. App'x at 482-84. Defendants who collaterally attack their federal convictions may not raise grounds previously raised on direct appeal. *See United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). Movant is therefore not entitled to habeas relief to the extent he challenges the reasonableness of his sentence on Count Twenty-Three, and his claim is denied on this additional basis.

Because the court denies his claim on the merits, it need not address the issue of procedural default.

of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). Because Movant has failed to come forward with independent indicia in support of the likely merit of his claims, he has failed to demonstrate he is entitled to an evidentiary hearing.

## VI.  CONCLUSION

For the foregoing reasons, Movant's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, received on October 13, 2022 (doc. 2), is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

SO ORDERED this 23rd day of July, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

12